
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 11-30113-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | ADOPTING REPORT AND |
| | * | RECOMMENDATION AND |
| PATRICK BROWN THUNDER, | * | DENYING MOTION TO |
| | * | SUPPRESS |
| Defendant. | * | |

Defendant Patrick Brown Thunder is charged with one count of sexual abuse of a minor with the initials of A.C. in violation of 18 U.S.C. §§ 1153, 2243(a), two counts of sexual abuse of a person with the initials of H.C. in violation of 18 U.S.C. §§ 1153, 2242(2), and one count of kidnapping of H.C. in violation of 18 U.S.C. §§ 1153 and 1201. Doc. 110. Brown Thunder moved to suppress physical evidence obtained by the FBI from Brown Thunder's car pursuant to a search warrant issued by a federal magistrate judge. Doc. 56.

Magistrate Judge Mark A. Moreno held two evidentiary hearings on Crow Dog's motion to suppress physical evidence on July 13, 2012, and on September 4, 2012. Judge Moreno heard testimony from FBI Agents Michele Lakey and Daniel Reisig about their investigation of Brown Thunder and Agent Lakey's basis of information upon which she sought the search warrant. Judge Moreno received into evidence the search warrant affidavit, the search warrant, the search warrant return, and photographs of Brown Thunder's car that was searched. Based upon this evidence, Judge Moreno issued a Report and Recommendation on October 12, 2012, finding that Agent Lakey's search warrant contained probable cause. Doc. 130. Judge Moreno held that probable cause to support the issuance of a search warrant existed based on the information in Agent Lakey's affidavit because there was a fair probability that the vehicle search would result in discovery of relevant evidence, there was a sufficient nexus between the criminal conduct alleged and the vehicle to be searched to justify the search warrant, the evidence was not stale, and that Agent Lakey did not omit evidence or provide false statements such that the magistrate was misled in issuing the search warrant. Doc 130 at 1-18. Judge Moreno also held that the search warrant described with sufficient

particularity the area to be searched—the interior of Brown Thunder's car—and the evidence to be seized—blood, DNA, and textile fiber evidence. Doc. 130 at 18-21. Judge Moreno then held that even if the search warrant was invalid for a lack of probable cause, the search and seizure of evidence from Brown Thunder's car nevertheless would be upheld based on the "good faith" exception to the warrant requirement announced in United States v. Leon, 468 U.S. 897 (1984). Doc. 130 at 21.

In considering a magistrate judge's recommendation on a dispositive matter, such as a motion to suppress evidence, a district court must make a "de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Brown Thunder filed objections to the Report and Recommendation on November 13, 2012. Doc. 143. Brown Thunder objected to Judge Moreno's findings that probable cause supported the warrant by arguing that there was insufficient evidence to show that H.C. was sexually assaulted because the Government's evidence of a sexual assault is circumstantial and that the warrant was issued, according to Brown Thunder, based on "pure speculation" almost a year after the alleged crime. Doc. 143 at 1, 2.

This Court has conducted a de novo review of the record and Defendant's objections. This Court finds no error in Judge Moreno's decision. "Probable cause exists, if under the totality of the circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." United States v. Wallace, 550 F.3d 729, 732 (8th Cir. 2008) (citations and internal quotation marks omitted). Facts outlined in the application and affidavit for the search warrant show clearly that probable cause was present at the time the warrant issued. Brown Thunder may challenge the sufficiency of the Government's evidence at trial, but Agent Lakey's factual allegations that A.C. placed H.C. in Brown Thunder's car shortly before A.C. saw Brown Thunder drive away, that H.C. then suffered a serious injury by a penetration of her vaginal wall, and that Lakey checked with FBI forensic specialists who told her that forensic evidence could be discoverable a year after a sexual assault created a "fair probability that evidence of a crime will be found" in Brown Thunder's vehicle at the time the warrant issued. Accordingly, this Court adopts the Report and Recommendation. See id.

**Conclusion and Order**

For the foregoing reasons, it is hereby

ORDERED that the Report and Recommendation, Doc. 130, is adopted in full. It is further

ORDERED that the Motion to Suppress, Doc.56, is denied.

Dated November 19, 2012.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE