FILED

FEB 2 8 2013

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 11-30113-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING LEAVE TO FILE |
| | * | MOTION FOR JUDGMENT OF |
| PATRICK BROWN THUNDER, | * | ACQUITTAL AND NEW TRIAL |
| | * | |
| Defendant. | * | |

## I.      Introduction

Defendant Patrick Brown Thunder ("Brown Thunder") filed a Motion for Leave to

File a Motion for Judgment of Acquittal or New Trial as to Count III. Doc. 222.

Accompanying the Motion for Leave was Brown Thunder's Motion for Acquittal or New

Trial that he wishes to file. Doc. 222-1. The Government did not respond to Brown

Thunder's motion. This Court grants Brown Thunder's Motion for Leave to File a Motion

for Acquittal or New Trial, Doc. 222, but will deny Brown Thunder's Motion for Acquittal or

New Trial once it is filed.

## II.     Facts

Brown Thunder was indicted and faced a jury trial on four separate counts. Doc. 110.

Count I alleged sexual abuse of a minor with initials A.C. Doc. 110. Count II alleged sexual

abuse of a minor with initials H.C. with Brown Thunder's penis. Doc. 110. Count III alleged

sexual abuse of H.C. with Brown Thunder's hand, finger, or an object. Doc. 110. Count IV

alleged kidnapping of H.C. Doc. 110. At the close of the Government's case-in-chief, Brown

Thunder made a motion for judgment of acquittal as to all four counts. Doc. 222. This Court

denied the motion for judgment of acquittal as to Counts I and IV, but chose to reserve ruling under Rule 29(b) of the Federal Rules of Criminal Procedure as to Counts II and III. The jury returned a verdict of guilty on Counts I and III, but not guilty as to Counts II and IV. Doc. 218. After the verdict, this Court denied the motion for acquittal as to Count III upon which it previously had reserved ruling. Brown Thunder's counsel did not renew his motion for judgment of acquittal as to Count III or make a motion for a new trial after the verdict. Doc. 222. Brown Thunder now has moved for leave to file a motion for judgment of acquittal or new trial although the time period for filing has passed. Doc. 222.

## III.   Discussion

### A.   Motion for Leave

Federal Rule of Criminal Procedure 29(c)(1) states that after a jury verdict, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Federal Rule of Criminal Procedure 33(b)(2) states that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Federal Rule of Criminal Procedure 45 governs when an extension of these time periods is permissible. See United States v. Boesen, 599 F.3d 874, 879 (8th Cir. 2010). Rule 45(b)(1) states that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." The "excusable neglect" standard contained in Rule 45 applies to the time period limitation in both Rule 29 and Rule 33 and allows a court to extend the time period for filing such motions

2

if the party's failure meets that standard. Boesen, 599 F.3d at 879.

The Supreme Court of the United States has set forth four factors that a court must consider when determining whether a failure to file resulted from "excusable neglect." Boesen, 599 F.3d at 879. In Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the Court held that courts should consider (1) the danger of prejudice to the non-moving party; (2) the length of delay and the possible impact on the proceedings; (3) the reason for the delay; and (4) whether the movant was acting in good faith. Id. at 395; see also Boesen, 599 F.3d at 879 (noting that Pioneer applies to Rule 45's "excusable neglect" standard and applying the same four factors). Ultimately, the determination of whether a neglectful act is excusable becomes "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

Brown Thunder made a motion for judgment of acquittal at the close of the Government's case-in-chief. Brown Thunder is concerned that his failure to renew that motion after the jury verdict may have resulted in his waiving that argument on appeal. This is not the case. Brown Thunder's motion for judgment of acquittal at the close of the Government's case-in-chief serves to preserve that argument on appeal. See United States v. May, 476 F.3d 638, 640 (8th Cir. 2007) ("[The Defendant's] motion for judgment of acquittal at the close of the Government's evidence serves to preserve this argument for appeal.") If, however, there is any doubt about preservation of that issue for appeal, this Court grants Brown Thunder's Motion for Leave to File a Motion for Acquittal, but will deny Brown Thunder's Motion for Acquittal.

Brown Thunder did not move for a new trial after the jury's verdict. Brown Thunder argues that his failure to move for a new trial is "excusable neglect" and asks this Court for leave to file such a motion. Doc. 222. After considering the four Pioneer factors, and the fact that the Government did not resist Brown Thunder's motion for leave to file such a motion, this Court finds that Brown Thunder's failure to move for a new trial resulted from excusable neglect. The danger of prejudice to Brown Thunder is considerable if he fails to preserve these arguments for appeal, but minimal for the Government. There is no impact of the delay at this stage in the judicial proceedings—after trial, but before sentencing. Brown Thunder's counsel made a proper motion for acquittal at the close of the Government's case, overlooked renewing that motion and for moving for a new trial after this Court denied the motion for acquittal following the jury verdict, and is acting in good faith to preserve the argument for appeal.

## B.    Motion for Judgment of Acquittal or New Trial

The basis for Brown Thunder's planned motion for a judgment of acquittal under Rule 29 or a new trial is an argument that the evidence was insufficient to convict him on Count III. Doc. 222-1. "'A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" United States v. Dupont, 672 F.3d 580, 582 (8th Cir. 2012) (quoting Boesen, 491 F.3d at 855). Courts will "view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Water, 413 F.3d 812, 816 (8th Cir. 2005). The jury instruction relevant to

4

Count III read:

> ***One***, **that on or about the 28th day of March, 2008 and the 29th day of March, 2008, Patrick Brown Thunder engaged in a sexual act with H.C.;**
>> The term "sexual act" as used in relation to Count III of the indictment, means the penetration, however slight, of the genital opening of H.C. by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.
>
> ***Two***, **that at the time of such act, H.C. was incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating her unwillingness to engage in, that sexual act;**
>
> ***Three***, **that Mr. Brown Thunder committed such act knowingly;**
>
> ***Four***, **that Mr. Brown Thunder is an Indian; and**
>
> ***Five***, **that the offense took place in Indian Country.**

Doc. 215.

Although the evidence against Brown Thunder was largely circumstantial, it was sufficient to sustain a conviction as to Count III. See Water, 413 F.3d at 816 ("Criminal conviction[s] may be based on circumstantial as well as direct evidence. The evidence need not exclude every reasonable hypothesis except guilt.") (internal quotation marks omitted). The evidence established that H.C. was severely intoxicated and was placed in Brown Thunder's car during the evening of March 28, 2008. Further, contrary to what he was told by H.C.'s friend to do, Brown Thunder drove off with the severely intoxicated H.C. in his car. Later Brown Thunder refused to let H.C.'s mother take her from his car. H.C. was missing for a prolonged period of time. H.C.'s blood was found on part of the passenger seat of Brown Thunder's vehicle. When H.C. later was found on March 29, 2008, she had sustained a laceration to her vaginal wall, and expert testimony established that the injury

5

could have been from a hand, an object, or a penis. Expert testimony refuted Brown

Thunder's theories that the injury may not have been from penetration of H.C.'s vagina or

that the injury could have been from a fall. The evidence supported an inference that the

injury was from a hand or object, rather than a penis. This evidence, taken in the light most

favorable to the Government, is sufficient to support the verdict and to deny Brown Thunder's

motion for acquittal.

In United States v. Rodriguez, 812 F.2d 414 (8th Cir. 1987), the United States Court

of Appeals for the Eighth Circuit provided the standard for when a new trial is warranted:

> When a motion for a new trial is made on the ground that the verdict is
> contrary to the weight of the evidence, the issues are far different from those
> raised by a motion for judgment of acquittal. The question is whether he is
> entitled to a new trial. In assessing the defendant's right to a new trial, the
> court must weigh the evidence and in doing so evaluate for itself the
> credibility of the witnesses. The court will only set aside the verdict if the
> evidence weighs heavily enough against the verdict that a miscarriage of
> justice may have occurred.

Id. at 417 (internal citations and quotation marks omitted). Brown Thunder's Motion for a

New Trial will be denied because there is sufficient evidence to sustain his conviction and the

evidence does not weigh heavily against the verdict.

**IV. Conclusion**

For the reasons contained herein, it is hereby

ORDERED that the Defendant's Motion for Leave to File a Motion for Judgment of

Acquittal or New Trial as to Count III, is granted. It is further

ORDERED that the Clerk of Court file Document 222-1, the Defendant's Motion for

Acquittal or New Trial, as a motion which this Court then will deny.

Dated February 28, 2013.

6

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE